DURYEE
v.
ORCOTT.

DURYEE *against* ORCOTT.

A. hired a horse in *Dutchess* county, to go a journey to *Albany*, and sold him in *Washington* county, and escaped into *Canada.* An action of *trover* was brought by the owner, and the *venue* was laid in *Dutchess.* It was held that the place where the cause of action arose, was, *prima facie,* the place, where the *venue* ought to be laid; and if the defendant shows where the cause of action arose exclusively, and that he has material witnesses residing there, he has a right to carry the *venue* there; and he cannot be deprived of this right unless the plaintiff stipulates to give evidence arising in the county where he has laid the *venue,* and states also, by affidavit, that he has material witnesses residing in that county.

H. BLEECKER, for the plaintiff in error, moved that the rule obtained at the last term, to change the *venue,* in this cause, from the county of *Dutchess* to the county of *Washington,* be vacated.

The action was *trover* for a horse, chair and harness. The affidavit of the plaintiff stated, that in *July,* 1811, he let the horse, &c. in *Rhinebeck,* in *Dutchess* county, to a person of the name of *Phillips,* to go to *Albany,* who was to return in three or four days, but not returning, the plaintiff went in pursuit of him, and found that he had gone to *Canada,* and, in passing through *Cambridge,* in *Washington* county, had sold the horse, &c. in that place. The plaintiff found them in possession of the defendant, and claimed them as his property, but the defendant refused to deliver them, alleging he had purchased them at a fair price, unless the plaintiff would pay him the price.

The plaintiff also stated, that he had six witnesses, whom he named, material for his defence, residing in *Rhinebeck,* in *Dutchess* county, and another material witness at *Hudson,* in *Columbia* county.

The rule for changing the *venue* had been obtained at the last term, in consequence of some error in the affidavit of the plaintiff's attorney, intended to be used in opposition, and neglecting to instruct the counsel, as to the motion.

*D. Russell,* contra, read an affidavit of the defendant, stating that the cause of action, if any, arose in the county of *Washington,* and not in the county of *Dutchess,* and that he had as many as ten witnesses, whom he named, residing in *Cambridge,* in the county of *Washington,* whose testimony was material on the trial of the cause.

*Per Curiam.* In *Ross* v. *Lown,* (8 *Johns. Rep.* 354.) the court said, that the rule laid down in *Manning* v. *Downing,* (2 *Johns. Rep.* 453.) had not been extended to a case for trespass *de bonis asportatis;* and in that case, we adopted the practice of the king's bench, in *England,* and required the plaintiff to stipulate to give material evidence arising in *Onondaga,* to entitle him to retain the *venue* there, it appearing that the plaintiff had two witnesses

residing in *Onondaga,* and the defendant four in *Saratoga,* in

There are transitory actions, in which the *venue* is altogether DURYEE
optional with the plaintiff.  In this class we have placed, generally,     v.
all actions arising on contract.  It includes, also, actions* arising     ORCOTT.
beyond sea, or out of the state, for libels dispersed in several coun-     *1 *Tidd's Pr.*
ties, for escapes, or false returns, against a carrier, on a specialty,     174.
note, or bill of exchange, and wherever the cause of action is not
wholly, or necessarily, confined to a single county.  In these cases,
the *venue* will not be changed, but upon special grounds, as where
the witnesses of both parties reside in the county to which the de-
fendant wishes to bring the *venue.*  If the plaintiff's witnesses re-
side in the county in which he has laid the *venue,* unless there is a
great and striking preponderance against him, the *venue* will not
be changed.

In *trover,* the plaintiff has not an option as to the *venue.*  The
place where the cause of action arose is, *prima facie,* the place
where the *venue* ought to be'; and if the defendant shows, by affi-
davit, where the cause of action arose, exclusively, and that he has
witnesses material to his defence residing  in that county, he has
a right to have the *venue* there.  The plaintiff cannot devest
him of this right, but by stipulating to give evidence arising in the
county where he has laid the *venue,* and, in addition to that, sta-
ting, by affidavit, that he has witnesses material to his cause resi-
ding in that county.  In the present case, the plaintiff having wit-
nesses in the county of *Dutchess,* let him stipulate to give evidence
arising in that county, and let the *venue* be carried back there.